U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 3 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DENNIS MICHAEL ROE, JR., §
§
            Movant, §
§
VS. § NO. 4:18-CV-049-A
§ (NO. 4:16-CR-173-A)
UNITED STATES OF AMERICA, §
§
            Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Dennis Michael Roe,

Jr. ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, its

supporting memorandum, the government's response, the reply, and

pertinent parts of the record in Case No. 4:16-CR-173-A, styled

"United States of America v. Dennis Michael Roe, Jr., et al.,"

the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying

criminal case discloses the following:

On July 13, 2016, movant was named, along with a co-

defendant, in a one-count indictment charging him with possession

with intent to distribute more than 50 grams of a mixture and

substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc.[1] 28.

On August 26, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 42. Movant signed a factual resume setting forth the penalties he faced, the elements of the offense, and stipulated facts. CR Doc. 43. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR[2] was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-173-A.

[2]In particular, the court admonished movant that the court was not bound by the facts stipulated between movant and the government and that the court could impose punishment that might take into account facts not mentioned in the stipulated facts. CR Doc. 116 at 12.

facts were true and accurate and movant understood that he faced a term of imprisonment of 20 years. CR Doc. 116.

Movant objected to the presentence report ("PSR") and the probation officer issued an addendum ("PSR Addendum") accepting his objection as to possible double-counting of the marijuana equivalent. CR Doc. 61. The PSR Addendum also noted that additional information had been received since disclosure of the PSR, which resulted in movant having a total offense level of 37, based on a base offense level of 36 with a two-level enhancement for importation of methamphetamine and a two-level enhancement for maintaining a drug-involved premises, and a three-level reduction for acceptance of responsibility. Id. Movant's total offense level, combined with a criminal history category of IV, resulted in a guideline range of 292 to 365 months. Id. However, the statutorily authorized maximum sentence was 20 years; therefore, the guideline term of imprisonment became 240 months. Id.

Movant objected to the premises enhancement, CR Doc. 77, and the objection was overruled at sentencing. CR Doc. 117 at 7. The court sentenced movant to a term of imprisonment of 240 months. Id. at 11; CR Doc. 73. Movant appealed and his counsel filed an

Anders[3] brief. The appellate court allowed counsel to withdraw and dismissed the appeal. <u>United States v. Roe</u>, 706 F. App'x 210 (5th Cir. 2017).

## II.

### Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

> GROUND ONE: Ineffective assistance of counsel at pretrial stages of the proceedings

Doc.[4] 1 at 4.[5]

> GROUND TWO: Ineffective assistance of counsel at sentencing; a critical stage of the proceedings

Id. at 5.

> GROUND THREE: Ineffective assistance of counsel to defend against a plain error of sentencing factors; affecting substantial rights

Id. at 6.

> GROUND FOUR: Depravation [sic] of the constitutional right to effective assistance of counsel on first direct appeal

Id. at 8.

---

[3]Anders v. California, 386 U.S. 738 (1967).

[4]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[5]The page number reference is to the "PageID" number in ECF.

III.

Standards of Review

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted.  United States v. Frady, 456 U.S.
152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991).  A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"
for his procedural default and "actual prejudice" resulting from
the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974); United States
v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if
issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

## Analysis

Movant says his counsel was ineffective in failing to object to a defective indictment. Doc. 1 at 14. He seems to argue that he was deceived into pleading guilty because he did not know about the mandatory minimum sentence. Id. He does not explain how the indictment was defective.[6] The factual resume movant signed informed him that the penalties the court could impose included imprisonment for a period not to exceed 20 years. CR Doc. 43 at 1. At rearraignment, movant stated under oath that he understood the penalties to which he was subject. CR Doc. 116.

An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge he must be prepared to meet, and enables him to plead acquittal

---

[6]Movant seems to be under the misapprehension that he was charged with conspiracy. The cases he relies on concern enhanced penalties and the need to prove the quantity of the alleged drug beyond a reasonable doubt, which are not applicable here. See Doc. 9.

or conviction in bar of future prosecutions for the same offense. United States v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). The indictment in this case met the test. Counsel cannot be faulted for failing to raise a specious issue. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

To the extent movant appears to argue that the court was limited to the quantity of drugs mentioned in the criminal complaint originally filed, CR Doc. 1, that, too, is incorrect. The court is not limited to drug quantities charged so long as the sentence is withing the statutory range of punishment. United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000). As the court noted, the government could have chosen to charge movant under another penalty provision of 21 U.S.C. § 841 that would have included a greater statutory maximum. Because the government failed to charge movant with his true offense conduct, the court was limited to imposing a term of imprisonment of 20 years, despite the considerably higher applicable guideline range. CR Doc. 117 at 10-11.

In his second ground, movant argues that he received ineffective assistance of counsel at sentencing. Again, the argument seems to be based on the misapprehension that the court was limited to the drugs as identified in the indictment. Doc. 1 at 15-16. That is, he appears to argue that the court was

8

required to apply the methamphetamine mixture multiplier since the indictment charged a "mixture and substance." Id. at 16. The choice of multiplier is not determined by the language of the indictment, but rather by the guidelines. United States v. Molina, 469 F.3d 408, 414 (5th Cir. 2006). Thus, counsel cannot have been ineffective for failing to make this argument. Kimler, 167 F.3d at 893.

In addition, movant argues that counsel failed to preserve error regarding the two-level enhancement for drug premises by failing to object. Doc. 1 at 17. The record reflects, however, that counsel filed written objections and persisted in the drug premises objection at the sentencing hearing. CR Docs. 77, 117. For the reasons stated on the record, the court overruled the objection. CR Doc. 117. Again, counsel was not ineffective.

In his third ground, movant argues that his counsel was ineffective because the government violated the "grand jury clause" of the Fifth Amendment. Doc. 1 at 17-19. As best the court can tell, movant alleges that he was held accountable for crimes not charged in the indictment. Again, the argument is based on a misapprehension of the law regarding relevant conduct. See Doggett, 230 F.3d at 166.

Finally, in his fourth ground, movant argues that he received ineffective assistance of counsel on appeal. He says his

attorney should have raised each of the issues discussed in his motion. Doc. 1 at 19-20. For the reasons discussed, movant has not urged any meritorious grounds. Accordingly, his counsel cannot have been ineffective in failing to raise them. <u>Kimler</u>, 167 F.3d at 893; <u>Mendiola v. Estelle</u>, 635 F.2d 487, 491 (5th Cir. 1981).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 13, 2018.

JOHN McBRYDE
United States District Judge